**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Raymond G. NOVELLI; Marlies Novelli; Lee Anton Novelli; Bank of America, N.A.; and Washington Mutual Bank, FA, Defendants.**

**No. SACV 04–155DOC(MLGX).**

United States District Court,
C.D. California.

June 20, 2005.

Douglas W. Snoeyenbos, Dept. of Justice Tax Division, Washington, DC, Robert N. Kwan, AUSA–Office of US Attorney

Tax Division, Los Angeles, CA, for Plaintiff.

A. Lavar Taylor, Robert S. Horwitz, A. Lavar Taylor Law Offices, Santa Ana, CA, Kathryn Milstead, Ivanjack & Lambirth, Los Angeles, CA, Barbara A. Potashnick, Lawrence W. Stevens, Washington Mutual Bank Office of General Counsel, Chatsworth, CA, for Defendants.

## ORDER GRANTING PARTIAL SUMMARY JUDGMENT ON INCOME TAX LIABILITIES AND TFRP LIABILITIES OF RAYMOND G. NOVELLI AND DENYING SUMMARY JUDGMENT ON TFRP LIABILITIES OF MARLIES NOVELLI, AND FORECLOSURE

CARTER, District Judge.

Before the Court are Plaintiff United States' ("the government") motions for (1) Partial Summary Judgment on Income Tax Liabilities (Docket No. 40); (2) Partial Summary Judgment on Trust Fund Recovery Penalty ("TFRP") Liabilities of Raymond G. Novelli (Docket No. 44); (3) Partial Summary Judgment on TFRP Liabilities of Marlies Novelli (Docket No. 48); and (4) Partial Summary Judgment on Foreclosure (Docket No. 51). After considering the moving, opposing, and replying papers, oral argument, and for the reasons set forth below, the Court GRANTS the motions for Partial Summary Judgment on Income Tax Liabilities and on TFRP Liabilities of Raymond G. Novelli, and DENIES the motions for Partial Summary Judgment on the TFRP Liabilities of Marlies Novelli and on Foreclosure.[1]

1. The Court GRANTS the government's motion for Extension of Time to File Reply Briefs (Docket No. 71), and STRIKES Defendant Marlies Novelli's supplemental filings as improperly filed (Docket Nos. 76, 77, 78, 79).

## I. BACKGROUND

This suit involves a variety of tax liabilities owed by Defendants Raymond G. Novelli and Marlies Novelli ("the Novellis"), and an attempt by the government to foreclose on real property at 7 Rue Villars, Newport Beach, California. Defendant Leo Anton Novelli is the Novellis' son and holder of the title to 7 Rue Villars. Defendants Bank of America and Washington Mutual Bank are named in this case as Defendants because they may claim interests in the 7 Rue Villars property.

The government alleges that the Novellis operate a number of corporate entities involved in the business of travel, leisure, and camping. The Novellis have allegedly used these entities as part of a scheme that somehow involves siphoning money and benefits from the companies to the Novellis. The Novellis reported income from 1995 though 1999 that required sizeable tax payments to the federal government. They have not paid those taxes. Raymond G. Novelli is alleged to have failed to pay to the government trust fund monies withheld from the salaries of employees at four companies: (1) All Seasons Resorts, Inc.; (2) Travel America, Inc.; (3) Cutty's Hayden Creek Corp.; and (4) Revcon Motorcoach, Inc. Similarly, Marlies Novelli is alleged to have failed to pay to the government trust fund monies for: (1) Travel America, Inc.; and (2) Cutty's Hayden Creek Corp.

The government also seeks to foreclose on the 7 Rue Villars property, the condominium where the Novellis reside. In 1993, that property was deeded to the Schulz Family Trust, a trust whose trustee, Hans W. Schulz, is the brother of Marlies Novelli. The property was transferred via quitclaim deed to Leo Anton Novelli in 2001. The government alleges that this transfer was made to avoid a judgment against the trust. Further, the government alleges that payments on the 7 Rue Villars property have regularly been made by the Novellis and that the Trust and Leo Novelli have held the property as nominees of the Novellis. Thus, the government seeks to foreclose on the property to satisfy some of the debt owed by the Novellis.

## II. EVIDENTIARY ISSUES

On summary judgment "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall who affirmatively that the affiant is competent to testify to the matters state therein." Fed.R.Civ.P. 56(e). "Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." *Id.* Under Federal Rule of Evidence 901(a), "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." The Ninth Circuit has "repeatedly held that unauthenticated documents cannot be considered in a motion for summary judgment." *Orr v. Bank of America,* 285 F.3d 764, 773 (9th Cir. 2002) (collecting cases). For example, in *Orr* the plaintiff attempted to use a memo discussing an FBI report in support of her motion for summary judgment. *Id.* at 777. The memo had been produced during discovery in another suit, was on the letterhead of a Nevada state agency, and contained the signatures of both the recipient and sender. *Id.* Exclusion of the memo for lack of authentication on the basis that it was not accompanied by an affidavit from the author was deemed proper by the Circuit. *Id.* There was also no showing of who had produced the memo in the other suit, and thus it could not be deemed authentic as a document produced by a party opponent. *Id.* The government has submitted a number of documents that

suffer from authentication and other defects.[2]

## A. Declaration of Snoeyenbos re Form 1040 Liabilities

■ This declaration includes government exhibits 1 through 5, which appear to be federal income tax returns filed by Raymond and Marlies Novelli for the years 1995 through 1999. Douglas W. Snoeyenbos is a Department of Justice trial attorney, who asserts that the attached documents were provided to him by the IRS in response to a government request. The fact that both the IRS and the DOJ are branches of the federal government does not qualify Mr. Snoeyenbos to vouch for the authenticity of these documents. The government has not provided a declaration from an IRS employee with personal knowledge competent to testify to the authenticity of these copies. Accordingly, the documents attached to this declaration are not admissible as evidence.

## B. Declaration of Piazza re TFRP Liabilities of Raymond G. Novelli

■ This declaration is from an IRS employee, Julie Piazza, who asserts to have examined the records of the IRS as they relate to assessments against Raymond G. Novelli for TFRP liabilities. In her declaration, Julie Piazza states that delegates of the Secretary of the Treasury have made four different assessments for TFRP liabilities against Raymond G. Novelli, that notices were sent to him and that he has failed to pay the assessments. No documents are attached to this declaration. While Julie Piazza is likely qualified to authenticate IRS documents, her statements in this declaration regarding the contents of IRS records are inadmissible

hearsay that do not fall under any exception to Federal Rule of Evidence 104. The government has provided no alternate basis for the admission of these statements, for example under Federal Rule of Evidence 1006 as a summary of voluminous records. Accordingly, paragraphs 2 through 6 of this declaration are not admissible as evidence.

## C. Declaration of Snoeyenbos re TFRP Liabilities of Raymond G. Novelli

This declaration includes government exhibits 10, 105, and 120. These are more tax documents provided to Mr. Snoeyenbos by the IRS. For the same reasons discussed above these documents are inadmissible for lack of authentication.

## D. Declaration of Snoeyenbos re TFRP Liabilities of Marlies Novelli

■ Through this declaration, the government seeks to introduce exhibits 3–5, 7–9, 11, 12, 22, 29, 35, 36, 38, 39, 41, 55–58, and 124. What appear to be deposition excerpts from the depositions of Marlies and Raymond G. Novelli are also attached, but not referenced in the accompanying declaration. The exhibits were each individually stapled and attached to the declaration with a large binder clip, in clear violation of a number of sections of Local Rule 11. In addition to the defects in form, this document also suffers from some of the same evidentiary defects mentioned previously.

■ Exhibits 3–5, 7–9, 11, 12, 35, 36, 38, 39, and 41 are documents that are alleged to be copies from an IRS investigatory file. However, they have not been authenticat-

2. In the interest of judicial economy, the Court has not undergone an exhaustive evidentiary analysis of each exhibit after determining that it is inadmissable. This lack of further analysis should not be construed to mean that the proffered evidence only contains one evidentiary defect.

ed and are not self-authenticating. Exhibit 22 is a document produced by Grass Lake All Seasons Resort, Inc. in an Eastern District of Michigan case in which Mr. Snoeyenbos was involved. The fact that the document was produced in discovery in that case does not, like an evidentiary Philosopher's Stone transmute it into an admissible self-authenticating document for the purposes of this case. Exhibit 29 is a copy of documents acquired by the IRS subject pursuant to a summons issued to Key Bank as part of an investigation of unpaid employment taxes at Cutty's Hayden. The next set of documents, 55–58 were also provided by the IRS, which acquired them pursuant to a summons issued to Wells Fargo Bank as part of the an investigation of Travel America, Inc. Finally, exhibit 124 is a form W–2 provided to Mr. Snoeyenbos by the IRS. None of these documents provided by the IRS have been properly authenticated. Accordingly, all of the documents referenced and clipped to this declaration are not admissible as evidence.

### E. Various Partial Deposition Transcripts

██ With regards to the deposition transcript fragments, the government has failed to lodge the original transcripts with the Court in violation of Local Rule 32–1. The government, in its reply brief on the foreclosure motion takes the stance that "no purpose would have been served in shipping the entire originals of all three deposition transcripts to the Clerk's office. The transcripts of the three depositions involved are quite voluminous, particularly if all of the exhibits used at those depositions are included." Then in a footnote the government graciously offers to ship the documents to be lodged with the Court if the "Court so desires." It is not a matter of the desires of the Court, but rather a matter of compliance with the Local Rules of the Central District of Cali-

fornia. The government's cavalier conclusion that compliance with these rules would serve no purpose is unwarranted. Accordingly, in deciding the pending motions, the Court deems the partial deposition transcripts inappropriate for consideration.

### F. Documents Attached to Reply Briefs

██ The government attached exhibits 130–142, 150–153, and some deposition excerpts to its reply briefs. The numbered exhibits all appear to be photocopies of Certificates of Assessments, Payments and Other Specific Matters for the Novellis. These self-authenticating documents are unaccompanied by a declaration, though they are referenced in footnotes of the attached briefs. While the method of submission is unorthodox, there is no reason to doubt the veracity of the documents, and they will be considered by the Court in relation to the pending motions. The deposition excerpts, as discussed previously will not be considered by the Court.

### G. Declaration of Piazza re Foreclosure

██ Paragraphs 2–10 of this declaration are inadmissible for the same reasons as the previous Piazza declaration. Paragraph 11 of the declaration pertains to attached exhibits 122 and 123, which are facsimiles of federal tax lien notices filed by the IRS with the Recorder for Orange County, California. These exhibits are admissible only to show that the IRS computers reflect that liens were filed. Evidence that the liens were actually filed and have been recorded is clearly only available through documentation from the actual Recorder's office.

### H. Declaration of Snoeyenbros re Foreclosure

██ In another declaration that flauts the Local Rules, the government seeks to

introduce exhibits 1, 46, 48, 51, 52, 53, 54, 64, 69, 75–78, 81, 82, 85, 86, 87, 90, 91, and 102. What appear to be deposition excerpts from the depositions of Leo Novelli and Hans Schultz are also attached, but will be disregarded by the Court for the reasons explained previously. Exhibits 51, 69, 75–78, 81, 82, 85, and 90 are documents produced by Washington Mutual Bank in response to a request from the government. Exhibits 48, 86, and 87 are documents produced by Bank of America in response to a request from the government. Exhibits 46 and 64 are documents produced by Hans Schulz in response to a request by the government. Exhibit 91 is a copy of a document produced by Hans Schultz as a result of a subpeona in a case in the Eastern District of Michigan. Exhibits 52, 53, and 54 are copies of documents given to the government by counsel in a state court suit involving Travel America. The government has provided no authentication for any of the aforementioned exhibits, and they are thus not admissible. Exhibits 1 and 102 are copies of deeds to the property at 7 Rue Villars which bear the indicia of having been recorded with the Recorder of the County of Orange. Because these are self-authenticating documents, and appear legitimate, they are admissible.

## I. Declarations of Ruiz, Ainsworth, Marlies Novelli, and Raymond Novelli

■ Defendant Marlies Novelli has submitted these declarations in support of her opposition to the government motions. The government objects to portions of the declarations due to the fact that they are legal conclusions, not simply declarations of fact. To the extent that any of the contents of these declarations are legal conclusions, they will not be considered by the Court. All four of these declarations are bundled into a single document. At the end of Raymond G. Novelli's declaration there are a series of documents. Exhibit A is a copy of a declaration made by him as part of an investigation in 1996. The other documents are related to prior litigation and investigation and and involve allegations against Dario Moscato. As discussed with regards to many of the government exhibits, as a threshold matter these exhibits are inadmissible due to a lack of authentication

## J. Summary of Admissible Evidence

Due to the large number of irregularities and evidentiary failings, the following list is a recap of the evidence that *has* been considered by the Court: (1) the Certificates of Assessment (exhibits 130–142, 150–153); (2) the Recorder of the County of Orange documents (exhibits 1, 102); (3) the declaration and notes of Brian St. Germain; (4) the second declaration of Dario Moscoso; and (4) the declarations of Ruiz, Ainsworth, Marlies Novelli, and Raymond G. Novelli.

## III. LEGAL STANDARD

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c).

The Court must view the facts and draw inferences in the manner most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). However, the existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; to defeat the motion, the non-moving party must affirmatively set forth facts showing there is a genuine issue for trial. *Anderson v. Liberty Lob-*

*by, Inc.,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, .2510, 91 L.Ed.2d 202 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial. *Id.* at 256, 106 S.Ct. at 2514. When the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out the absence of evidence of a genuine issue of material fact from the non-moving party. *Musick v. Burke,* 913 F.2d 1390, 1394 (9th Cir.1990). The moving party need not disprove the other party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–25, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986).

When the moving party meets its burden, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed.R.Civ.P. 56(e). "The mere existence of a scintilla of evidence ... will be insufficient; there must be evidence on which the jury could reasonably find for [the opposing party]." *Anderson,* 477 U.S. at 252, 106 S.Ct. at 2512.

## IV. DISCUSSION

### A. Income Tax Liabilities

"In an action to collect taxes, the government bears the initial burden of proof. . . . [D]eficiency determinations and assessments for unpaid taxes are normally entitled to a presumption of correctness so long as they are supported by a minimal factual foundation The presumption shifts the burden of proof to the taxpayers to show that the determination is incorrect." *Palmer v. United States,* 116 F.3d 1309, 1312 (9th Cir.1997) (citing *United States v.*

*Stonehill,* 702 F.2d 1288, 1293 (9th Cir. 1983)) (internal citations omitted).

■■■ Here, the government has provided evidence of the following unpaid tax assessments on the Novellis: (1) $19,825.94 for 1995 (exhibit 130); (2) $41,020,49 for 1996 (exhibit 131); (3) $48,404.58 for 1997 (exhibit 132); (4) $77,289.79 for 1998 (exhibit 133); and $85,867.28 for 1999 (exhibit 134). Marlies Novelli has conceded that these assessments are correct. Raymond G. Novelli has filed no opposition to the government's motion. The tax assessments are presumed correct, and have not been rebutted. Accordingly, the government is entitled to summary judgment on its claim for a money judgment based on unpaid back taxes against the Novellis.

### B. TFRP Liabilities of Raymond G. Novelli

■■■ "The Internal Revenue Code requires employers to withhold federal income and social security taxes from the wages of their employees. The amounts withheld constitute a special fund held in trust for the benefit of the United States and are paid over quarterly. Under IRC § 6672, the IRS may assess a 100% penalty on responsible persons who willfully fail to collect, account for, and pay over the taxes to the United States." *United States v. Jones,* 33 F.3d 1137, 1139 (9th Cir.1999) (citations omitted). To be liable under section 6672, a person must have been both responsible for payment, and willful in their failure to pay. *Id.* "Certificates of Assessments and Payments establish[ ] a prima facie case for the United States. 'The individual against whom the assessment is made bears the burden of proving by a preponderance of the evidence that one or both of [the elements of responsibility and willfulness] is not present.' " *Id.* (citations omitted).

■ Here, the government has provided evidence of the following unpaid section 6672 assessments on Raymond G. Novelli: (1) $565,769.50 as of September 1996 (exhibit 135); (2) $2,094.36 as of March 1999 (exhibit 136); (3) $8,159,59 as of June 1999 (exhibit 137); (4) $7,431.52 as of September 1999 (exhibit 137); (5) $9,575.14 as of December 1999 (exhibit 138); (6) $644.89 as of March 2000; (7) $546,659.99 as of June 2000; and (8) $4,164.99 as of September 2000 (exhibit 142). Raymond G. Novelli has filed no opposition to the government's motion. The tax assessments are presumed correct, and have not been rebutted. Accordingly, the government is entitled to summary judgment on its claim for a money judgment based on unpaid section 6672 assessments against Raymond G. Novelli. However, the amount of money to which the government is entitled is uncertain. The total of sums in the evidence presented by the government is $1,144,499.98. However, in this motion the government prays for a total of $1,657,942.76, which presumably includes penalties and or interest that is not substantiated by the documents before the Court (the total of the section 6672 figures quoted in the government's motion is $1,148,445.68). The Court adopts the $1,144,499.98 amount, subject to clarification and/or further proof by the government at trial.

## C. TFRP Liabilities of Marlies Novelli

■ The government has provided evidence of the following unpaid section 6672 assessments on Marlies Novelli: (1) $5,596.22 as of June 1999 (exhibit 150); (2) $7,431.52 as of September 1999 (exhibit 151); (3) $7,128.29 as of December 1999 (exhibit 152); and (4) $546, 659.99 as of June 2000 (exhibit 153). The total of these assessments is $566,816.02. Unlike her husband, Marlies Novelli has opposed this summary judgment motion. She argues that she is not a responsible person as contemplated by section 6672, and relies on *Alsheskie v. United States*, 31 F.3d 837 (9th Cir.1994). In *Alsheskie* the Ninth Circuit upheld a finding that the president of a company could not be deemed a responsible person, when despite having a large degree of authority over the operations of the company, "he did not have discretionary authority to pay the Corporation's withholding taxes." *Id.* at 839 (emphasis in original). Here Marlies Novelli avers that she had little or no authority to make payment decisions, and of that authority was vested in Raymond G. Novelli. To support this claim, she has provided declarations from Veronica Ruiz and Roy Ainsworth, two former employees of the Novellis. Both Ruiz and Ainsworth describe Marlies Novelli's payment authority as highly circumscribed by Raymond G. Novelli. The government has failed to submit any admissible evidence. The Court finds that the evidence set forth by Marlies Novelli is sufficient to create a triable issue of fact as to whether she was a responsible person as contemplated by section 6672.

## D. Foreclosure

■ The government seeks to foreclose on the 7 Rue Villars property on the theory that the Novellis have a secret ownership interest in that property. The government bears the burden of proving the presence of this ownership interest. Exhibit 1 and 102 show transfers of the property from Home Savings Bank to the Schulz Family Trust, and from the Shulz Family Trust to Leo Anton Novelli, respectively. Other evidence offered by the government on this issue consists of the telephone conversation notes between Brian St. Germain and Leo Novelli and the second declaration of Dario Moscato. According to St. Germain, Leo Novelli was allegedly unaware that he held title to the

property when he was initially contacted by the IRS. The Moscato declaration consists of a large number of allegations about fraudulent activities engaged in by the Novellis, and includes allegations related to the Schulz Family Trust and the 7 Rue Villars property. However, these allegations are denied by the Novellis and in his declaration Raymond G. Novelli raises questions about the credibility of Moscato. Regardless of the allegations slung back and forth, there is clearly insufficient evidence before the Court to find that the property at 7 Rue Villars is owned by the Novellis as a matter of law.

## V. CONCLUSION

For the reasons stated above the Court GRANTS the motions for Partial Summary Judgment on Income Tax Liabilities and on TFRP Liabilities of Raymond G. Novelli, and DENIES the motions for Partial Summary Judgment on the TFRP Liabilities of Marlies Novelli and on Foreclosure.

IT IS SO ORDERED.